UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 19-3407 JJO

UNITED STATES OF AMERICA

vs.

DYLAN EDUARDO JIMENEZ MARTINEZ, and
MARIA FERNANDA RAMIREZ MADRIZ,

**Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
TIMOTHY J. ABRAHAM
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 114372
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL: (786) 877-4964
FAX: (305) 536-7213
E-Mail: Timothy.Abraham2@usdoj.gov

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DYLAN EDUARDO JIMENEZ MARTINEZ,<br>AND MARIA FERNANDA RAMIREZ MADRIZ,<br><br>_Defendant(s)_ | Case No. 19-3407 JJO |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 2019 - August 30, 2019__ in the county of __Miami-Dade and elsewhere__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C., Section 545 | Smuggling Goods into the United States |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Diego Mello, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: __08/30/2019__

_____
Judge's signature

City and state: __Miami, Florida__     John J. O'Sullivan, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Diego C. Mello, a Special Agent with Federal Bureau of Investigation (FBI), in Miami, Florida ("Your Affiant"), being duly sworn, hereby deposes and states the following:

1. I am a Special Agent assigned to the Federal Bureau of Investigation (FBI), and have been so employed since 2002. As a Special Agent, I am responsible for conducting criminal investigations of narcotics, money laundering, fraud, smuggling and related offenses contained in Title 18 and 21 of the United States Code.

2. This affidavit is being submitted for the sole purpose of establishing probable cause for a criminal complaint against DYLAN EDUARDO JIMENEZ MARTINEZ ("MARTINEZ") and MARIA FERNANDA RAMIREZ MADRIZ ("MADRIZ") for a violation of Title 18, United States Code, Sections 545. As such, this affidavit does not contain all facts known to your affiant regarding the investigation of MARTINEZ and MADRIZ.

3. On August 30, 2019, MARTINEZ and MADRIZ, traveling together, arrived on an inbound flight, American Airlines Flight 964, at Miami International Airport from Manaus, Brazil. Both individuals were selected for secondary inspection by United States Customs and Border Protection (CBP) officers. A binding declaration, United States Customs Declaration Form 6059B (hereinafter, "Form 6059B"), was obtained from both individuals. Neither individual reported to Customs having any commercial merchandise in response to the question about having commercial merchandise or articles for sale or articles that would not be considered personal effects.

4. CBP investigated the items that MARTINEZ and MADRIZ were carrying and determined, based on the unusual heavy weight, that gold was concealed in silver keychains, purse handles and disguised as other types of "costume jewelry." The total weight of the gold carried

by MARTINEZ (4 kilograms) and MADRIZ (8.6 kilograms) was over 12 kilograms which could be worth over $ 400,000 USD. When questioned further by CBP officers, MARTINEZ and MADRIZ initially claimed that the jewelry belonged to them but then later admitted that it did not. Based on training and experience, your Affiant knows that illegally mined gold from Venezuela and other countries in South America is smuggled into the United States by airline passengers and by various other methods.

5. Post-*Miranda*, both MARTINEZ and MADRIZ admitted that the gold did not belong to them. Each admitted that they received the gold from another unknown individual in Venezuela. MARTINEZ and MADRIZ both admitted that each would be paid $1200 USD to pick up the gold and conceal it and bring it into the United States of America and deliver it to another unknown individual. Both admitted that their travel expenses were paid for as part of bringing the gold in. MADRIZ also admitted that she helped to actually design and conceal the gold prior to the trip. MADRIZ stated that MARTINEZ had brought gold in before for resale and that he was accompanying her on this trip since it was her first.

6. Upon entry into the United States, both MARTINEZ and MADRIZ were required to submit Form 6059B. On that form, which each of them signed, they each declared that they were not transporting any commercial merchandise into the United States.

7. WHEREFORE, based on the aforementioned facts, Your Affiant believes that probable cause exists to believe that DYLAN EDUARDO JIMENEZ MARTINEZ, and MARIA FERNANDA RAMIREZ MADRIZ, did knowingly and willfully, with the intent to defraud the United States, attempt to smuggle and clandestinely introduce into the United States, from a place outside thereof, any merchandise, that is, approximately 12 kilograms of gold which should have been invoiced,[1] in violation of Title 18, United States Code, Sections 545.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
DIEGO MELLO, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn and subscribed before me this
30th day of August, 2019.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

---

[1] "'Merchandise [that] should have been invoiced' means any goods or articles that must be declared to customs officials upon entry into the United States, even if the goods or articles are not subject to the payment of a tax or duty." Eleventh Circuit Pattern Jury Instructions, Offense Instructions 20 (2010).